Page Appeal.

Argued November 11, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*S. Louis Farino,* for appellants.

*F. P. Dixon,* with him *L. Pat McGrath,* for appellee.

OPINION BY FLOOD, J., December 16, 1964:

The appellants question the right of the constable who appointed them to remove them without a hearing or order to show cause. The constable wrote a letter to the Clerk of Quarter Sessions Court notifying him of the removal of the appellants as deputy constables and requesting him to note this on his records. Later the court entered an order approving the revocation and ordering it to be filed. Following this appeal, the court below filed an opinion giving two reasons for its action: (1) Allegheny County Quarter Sessions Rule 36, §4, which provides that upon petition of the constable, "the Court shall cancel the commission of any deputy appointed by him", and (2) the power of the constable who appointed the deputy to remove him.

Since no petition was filed in accordance with the local rule of court, we shall consider only the second reason. We think it is sound, although where a rule of court exists such as the cited rule in Allegheny County it is better practice for the constable to file such a petition so as to make the removal, like the appointment, a matter of record.

There is no statute requiring approval of the court of quarter sessions for the removal of a deputy

constable. He is merely the agent of the elected constable, and like any other agent, his authority may be revoked at any time by his principal. Restatement (2d), Agency, §118 (1957). This court has said in *National Cash Register Co. v. Berg*, 99 Pa. Superior Ct. 34, at p. 37 (1930): "A deputy constable may be appointed for various reasons, when shown to the satisfaction of the quarter sessions court. The constable so appointing executes his office by himself or by his deputy. No separate office of deputy constable exists under the law, and when a vacancy occurs in the office of constable, ipso facto the deputy ceases to exist as such. By long usage and custom deputy constables have performed all duties which constables are authorized by law to perform . . . ." Therefore despite the fact that the deputy is clothed with the official powers of the elected constable upon his appointment with the approval of the court, the constable is responsible, like any other principal, for the actions of the deputy as his agent. *National Cash Register Co. v. Berg*, supra. Consequently, the constable should have the right at any time, like any other principal, to terminate the deputy's power to act for him and fasten responsibility upon him for the deputy's actions.

As was said by the distinguished Judge FINLETTER of the Philadelphia Quarter Sessions Court in the case of *In re Jacob Horivitz*, 27 Dist. 578 (1918): "The question is whether the constable has power to revoke the appointment. It would seem that he has. 'Deputies are simply assistants or agents of the constables who appoint them:' Snyder's Petition, 2 Lehigh Val. Repr. 424; Newton v. Luzerne County, 12 Dist. R. 695. And an agent's authority may generally be revoked at his principal's will. This appointment was made upon the constable's petition averring (as the only reason for making it) that 'he reposed special trust and confidence in the person named as deputy.'

If the confidence has ceased, the relation to which it gave birth should also cease. 'They do not occupy two distinct offices—one constable, the other deputy. There is but a single office, to wit, that of constable, who may execute the office by himself or by deputy:' Newton v. Luzerne County, 12 Dist. R. 695; Campbell v. Hewlett, 71 E.C.L.R. 258. The public service requires harmony in the office and a subordination of the deputy to his principal. The latter should be the judge of the propriety of continuing the relationship. Since the constable, who is responsible for the acts of his agent, wishes to terminate the agency, I see no reason for withholding the approval of this court . . . ."

The appellants contend that since the approval of the quarter sessions court is required for the appointment of a deputy by the constable, removal must have like approval. And since the constable must show cause why the appointment of a deputy is necessary (*Preno Petition,* 77 Pa. D. & C. 193 (1951)), he must likewise show cause for the deputy's removal. However, there is no statute requiring court approval for the removal of a deputy by the constable, and none of the reasons recited in *Preno Petition,* supra, and the cases cited therein, for the requirement that cause for the appointment must be shown, are applicable in the case of removal. The reasons for approval of the appointment are set forth at length in that case and need not be repeated here, but they all have to do with the evils that have arisen, or may be anticipated, from the appointment of an excessive number of deputies. They furnish no reason to deprive the elected constable of the right to remove, as his agents, deputies for whom he no longer wishes to be responsible.

Order affirmed.