In re Nomination Petition of William Duke HACKER for the Office of Sheriff of Berks County, Pennsylvania in the Democratic Primary Election to be Held May 18, 1999.

E. Jay Tract, Appellant.

Commonwealth Court of Pennsylvania.

Argued April 21, 1999.

Decided April 27, 1999.

Michael J. Cammarano, Reading, for appellant.

John V. Ryan, Wyomissing, for appellee.

Before COLINS, President Judge, and DOYLE, J., and FRIEDMAN, J.

DOYLE, Judge.

E. Jay Tract appeals from an order of the Court of Common Pleas of Berks County which denied his petition to set aside the nomination petition of William Duke Hacker for the democratic nomination for sheriff of Berks County.

Hacker is currently a constable in Kutztown, Pennsylvania, and he and his wife own two homes in Berks County; one is located at 11 Springfield Drive, Fleetwood, and the second, which Hacker and his wife purchased in August of 1997, is located at 32 College Boulevard, Kutztown.

Hacker circulated a nomination petition seeking the democratic nomination for sheriff in Berks County, and it is undisputed that his nomination petition contains at least the 250 valid signatures required by Section 912.1(19) of the Election Code (Code)[1] to place his name on the primary ballot. At the top of each page of his nomination petition, and perhaps more important, in his candidate's affidavit, Hacker listed his Kutztown address as his residence.

On March 15, 1999, Tract filed a petition in the Court of Common Pleas of Berks County seeking to set aside Hacker's nomination petition on the grounds that the candidate's affidavit was materially false. Specifically, Tract alleged that Hacker's residence was not in Kutztown but in Fleetwood and that the defect contained in the candidate's affidavit was such a material defect that Hacker's nomination petition should be set aside. On March 22, 1999, Common Pleas held a hearing on the matter.

At the hearing, Tract presented testimony from several witnesses, including two of Hacker's neighbors on Springfield Drive in Fleetwood and a representative of the Fleetwood School District, Cynthia Delehanty. The two neighbors testified that they had consistently observed Hacker at the Springfield Drive residence several times a week. In addition, Ms. Delehanty testified that Hacker's daughter indicated on a school information card that she lived with both of her parents and that her home address was on Springfield Drive in Fleetwood. Finally, Tract presented the testimony of Ron Mace, a contractor in the Kutztown area. He testified that he observes the Kutztown house several times a day and that it does not appear that anybody lives in the home.

1. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2872.1(19).

In response, Hacker testified that the Kutztown residence on his nomination petition was correct. He stated that he had purchased the home in Kutztown, was attempting to refurbish it and that he had listed his Fleetwood home for sale. In addition, Hacker offered his voter registration card and his vehicle registration card, both of which listed his address as the Kutztown residence.

Although the Common Pleas judge did not issue a formal opinion, only an order, he did offer the following comments at the end of the hearing:

> And since I think the witnesses have clearly shown Mr. Hacker to actually be domiciled or to reside in the Borough of Fleetwood, as opposed to Kutztown, that issue is going to have to be settled in [Tract's] favor. The residence of the Chapter 5 [of the Election Code] of which [Hacker's Counsel] speaks, I must say, deals with voter registration and the residence of electors, not that of candidates.
>
> On the other hand, I think the issue [which is] the bottom line ... is going to be that anything on that affidavit is not material because Kutztown and Fleetwood Boroughs are both in the same county, to wit, Berks; and that there is no question, based on what we've heard here today ... [Hacker] believes, at this point at least, that he is a resident of Kutztown. Therefore, I don't think the affidavit would be considered as false.... And as a result of that, I will dismiss the objections to the nominating petition. I think it's going to have to fly because of the fact that [they are] both in Berks County.

(Notes of Testimony, 3/22/99, at 49–50.) This appeal by Tract followed.

On appeal, Tract argues that Common Pleas erred as a matter of law by concluding that the incorrect address on Hacker's candidate's affidavit was not such a material defect sufficient to set aside Hacker's nomination petition.

In support of his argument, Tract directs our attention to *In Re Nomination Petition of Cooper*, 163 Pa.Cmwlth. 430, 643 A.2d 717 (1994). In *Cooper*, the candidate was seeking the democratic nomination for state senator from the second senatorial district which is located in Philadelphia. On his candidate's affidavit, Cooper indicated that he satisfied the constitutional qualifications to hold the office which are set forth in Article 2, Section 5 of the Pennsylvania Constitution.[2] After Cooper filed his petition, another candidate filed a petition to set aside Cooper's nomination petition because, he alleged, Cooper had not been a resident of Pennsylvania or the second senatorial district for the required period of time, and, therefore, his candidate's affidavit was false. After receiving testimony, this Court concluded that Cooper would not have been a resident of Pennsylvania for four years prior to his election and struck his petition because of the false candidate's affidavit. In doing so, we stated that "[a] false candidate's affidavit is a fatal defect which cannot be amended." *Cooper*, 643 A.2d at 720.

Likewise, Tract argues that Hacker's candidate's affidavit was false in that Hacker provided a different address for his residence than the one which Common Pleas identified as his legal residence. Tract's reliance on *Cooper*, however, is misplaced as *Cooper* is distinguishable from the present case. In *Cooper*, the established defect directly affected Cooper's qualifications to hold the office which he was seeking, *i.e.*, Cooper did not and could not satisfy the requirements of Article 2, Section 5 of our Constitution. By completing an affidavit that stated that he *did* meet the constitutional residency requirements (two years in the senate district and four years in Pennsylvania next preceding the election), when in fact he did not meet those requirements, his affidavit was so materially false that the Court was compelled to set aside his nomination petition.

In the present case, Section 413 of the County Code[3] establishes the qualifications required to hold a county office as follows:

---

**2.** Section 5 of Article 2 requires a candidate to reside in the district for at least one year prior to election and to have resided within the Commonwealth at least four years prior to election as well.

**3.** Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. § 413.

No person shall be elected to any county office, except the office of district attorney otherwise provided for by this act, unless he shall be at least eighteen years of age, a citizen of the United States and a resident of the county, and shall have resided within the county for one year next preceding his election.

16 P.S. § 413. It is undisputed that **both** of Hacker's "residences" are in Berks County and, therefore, even if he provided a different address on his candidate's affidavit, such a defect is not material as long as his true residence is also in Berks County, which it is. Additionally, Common Pleas found that Hacker actually believed that his residence was in Kutztown, having bought a home there, and that there was no intention on Hacker's part to deceive anyone. Accordingly, unlike *Cooper*, this error in the candidate's affidavit, by itself, does not preclude Hacker from running for and holding the office of Sheriff of Berks County.

Moreover, in *Cooper*, we held that an elector's signature will not be struck simply because the new address of the elector on the nomination petition is not the one recorded on his original voter registration card, **provided** that his actual address is within the proper legislative district. *Cooper*, 643 A.2d at 726. Similarly, in the present case, we do not believe that Hacker's listing a different address as his residence is such a material defect in his candidate's affidavit that it would cause his nominating petition to be set aside because it is undisputed that both of his addresses are in Berks County.

Order affirmed.

### ORDER

**NOW**, April 27, 1999, the order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby affirmed.