770 A.2d 315 (2001)
In re Nomination Petitions of Daniel McINTYRE, Democratic Nomination for Judge, Court of Common Pleas,
Objector: Samuel Mahfood.
In re Nomination Petitions of Daniel McIntyre, Republican Nomination for Judge, Court of Common Pleas,
Objector: James T. Weikel.
Supreme Court of Pennsylvania.
Submitted April 11, 2001.
Decided April 20, 2001.
Robert Matthew Owsiany, Pittsburgh, for appellant Daniel McIntyre.
James Paul Coletta, Carnegie, for Samuel Mahfood and James T. Weikel, appellees.
*316 Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

ORDER
PER CURIAM.
AND NOW, this 20th day of April, 2001, the single-judge order of the Commonwealth Court is VACATED, and the matter is REMANDED for proceedings consistent with that court's precedent. See In re Nomination Petition of Hacker, 728 A.2d 1033, 1035 (Pa.Cmwlth.1999) (concluding that "we do not believe that [a candidate's] listing a different address as his residence is such a material defect in his candidate's affidavit that it would cause his nominating petition to be set aside because it is undisputed that both of his addresses are in [the county in which office was sought]").[1] The Commonwealth Court may make specific findings concerning Appellant's intentions or other factors that would bear upon the determination of whether Appellant should be included on the primary ballot. See id.
Since this matter involves a position on a primary ballot, it should be handled on an expedited basis. Jurisdiction is relinquished.
Justice ZAPPALA files a dissenting statement.
ZAPPALA, Justice, dissenting.
I dissent from the order vacating and remanding the matter for further proceedings. I would address the merits of the issue of whether a false statement regarding residence in the candidate's affidavit is a material defect.
NOTES
[1] In Hacker, the candidate also listed the different address on his nomination petitions, as was the case here. See Hacker, 728 A.2d at 1033. This Court presently expresses no opinion as to the merits of the Hacker decision, since Appellees have not questioned its validity; our present order is based solely upon Hacker's status as prevailing precedent of the Commonwealth Court.