# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of PA, ex rel. Nicole W. Ziccarelli, District Attorney | : : : : | |
| v. | : : | No. 569 C.D. 2023 Argued: May 23, 2024 |
| Walter Geiger, Appellant | : : : | |

**BEFORE:**  **HONORABLE RENÉE COHN JUBELIRER,** President Judge
**HONORABLE PATRICIA A. McCULLOUGH,** Judge (P.)
**HONORABLE LORI A. DUMAS,** Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**                **FILED:  September 3, 2024**

Walter Geiger (Appellant) appeals from an Order of the Court of Common Pleas of Westmoreland County (trial court), granting summary judgment on the Complaint in *Quo Warranto* (Complaint) filed by the Commonwealth of Pennsylvania (Commonwealth) by and through Nicole W. Ziccarelli, District Attorney.  The Order further removed Appellant from his elected position as constable of Arona Borough (Borough) after the trial court concluded Appellant was not a Borough resident.  On appeal, Appellant argues the trial court erred or abused its discretion because Appellant only left his residence in the Borough because he was ordered to do so as part of divorce proceedings awarding his wife exclusive possession of the marital home.  However, Appellant asserts he maintained that address on various official documents, evidencing his intent to return.  Upon review and in light of the summary judgment standard, because there appears to be genuine

issues of material fact, we reverse the trial court's Order and remand for further proceedings.

## I.  BACKGROUND

The Commonwealth initiated this action by filing its Complaint on January 31, 2022.  (Reproduced Record (R.R.) at 131-36.[1])  Therein, the Commonwealth averred that Appellant was elected constable for the Borough but has not resided in the Borough since November 2018.  (Complaint ¶¶ 2, 4-5.)  Because Appellant was not a resident of the Borough, the Commonwealth asserted Appellant was not qualified to hold the office and should be removed therefrom.  (*Id.* ¶ 6.)  Appellant filed an answer with new matter to the Complaint, denying the allegations.  (R.R. at 120-26.)

On January 9, 2023, the Commonwealth filed its Motion for Summary Judgment (Motion).  Therein, the Commonwealth averred that in discovery responses, Appellant admitted the sole resident of the marital home is his estranged wife, who is responsible for all marital debt associated therewith.  (*Id.* at 49.)  It also averred Appellant objected to disclosing where he sleeps and producing current, time-stamped photographs of the interior of the marital residence or current utility bills for the marital residence.  (*Id.* at 49-50.)  According to the Commonwealth, the only evidence Appellant produced in support of the marital residence being his home were tax bills and a check.  (*Id.* at 50.)  Copies of Appellant's discovery responses were attached to the Motion.  (Exs. F-G, R.R. at 59-93.)  Also attached to the

---

[1] The Reproduced Record does not comport with Pennsylvania Rule of Appellate Procedure 2173, Pa.R.A.P. 2173 (requiring that the pagination of reproduced records be in the form of an Arabic number followed by a small "a").  For ease, the Court will utilize the method used by the Reproduced Record, except it will omit the leading zeros.

Commonwealth's Motion was an affidavit of Appellant's estranged wife, which stated Appellant had not resided or slept at the marital residence since November 26, 2018, (Ex. B, R.R. at 55); a copy of a May 20, 2019 court order granting Appellant's estranged wife exclusive possession of the marital residence during the pendency of the divorce proceedings, (Ex. C, R.R. at 56); and an August 25, 2019 statement from Appellant to police stating Appellant lives at an address in Larimer, which is outside the Borough, (Ex. D, R.R. at 57). A copy of the sheriff's service indicating Appellant was served with the Complaint on February 2, 2022, at the Larimer address was also appended. (Ex. E, R.R. at 58.) Appellant opposed the Motion, asserting the same arguments he makes on appeal. (R.R. at 37-43.)

By Order dated May 3, 2023, the trial court granted the Commonwealth's Motion. In so holding, the trial court found that while Appellant jointly owned property with his estranged wife on First Street in the Borough, he had not resided there since November 2018. (Order at 2.) Instead, the trial court found Appellant resided outside the Borough in Larimer where he was served with the Complaint. (*Id.*) Because Appellant was not a Borough resident, the trial court found he could not hold the office of constable. (*Id.*) The trial court rejected Appellant's reliance on the Pennsylvania Department of Revenue's definition of "residency," noting that relates to residency for purposes of state income tax. (*Id.*) Instead, the trial court turned to the dictionary definition of "residence," which was "[t]he place where one actually lives." (*Id.* (quoting Black's Law Dictionary (11th ed. 2019)).) The trial court reasoned:

> Looking to all of the evidence provided by both parties, it is clear that [Appellant] has provided no evidence which would create a genuine issue of material fact with regard to where he resides. There is simply no evidence that would contradict [the Commonwealth]'s ample evidence that [Appellant] resides . . . outside of [the] Borough.

3

(*Id.* at 2-3.)

Accordingly, the trial court granted the Commonwealth's Motion, entered judgment in the Commonwealth's favor, and directed Appellant be removed as constable for the Borough.  (*Id.*)

Appellant filed a Notice of Appeal.[2]  In a subsequent order issued pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a),

---

[2] In *Commonwealth v. Spano*, 701 A.2d 566, 567-68 (Pa. 1997), the Supreme Court held an appeal by a constable of his removal from office did not fall within its exclusive jurisdiction but, rather within the Superior Court's jurisdiction.  The Superior Court has exercised jurisdiction over other appeals of the removal of constables from office.  *See, e.g.*, *In re Petition to Remove Constable Visoski*, 852 A.2d 345 (Pa. Super. 2004); *In re Page*, 205 A.2d 637 (Pa. Super. 1964).  In fact, in *In re Truss* (Pa. Cmwlth., No. 779 C.D. 2017, filed April 18, 2018), slip op. at 4, this Court transferred an appeal of a constable's removal to the Superior Court, citing Section 742 of the Judicial Code, 42 Pa.C.S. § 742 (Superior Court has "exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except" classes of appeals over which jurisdiction has been exclusively vested in the Supreme or Commonwealth Court.).  Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Notwithstanding that appellate jurisdiction is likely proper with the Superior Court, appellate jurisdiction can be perfected if an appellee fails to object pursuant to Section 704(a) of the Judicial Code, which provides:

> The failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of this title, or of any general rule adopted pursuant to [S]ection 503[, 42 Pa.C.S. § 503,] (relating to reassignment of matters), vesting jurisdiction of such appeal in another appellate court.

42 Pa.C.S. § 704(a).

Likewise, Pennsylvania Rule of Appellate Procedure 741(a) provides for the waiver of objections to jurisdiction, stating:

> The failure of an appellee to file an objection to the jurisdiction of an appellate court
> on or prior to the last day under these rules for the filing of the record shall, unless

**(Footnote continued on next page…)**

4

the trial court further explained the reasoning behind its decision. It found the Superior Court's non-precedential decision in *In re Truss* (Pa. Super., No. 1341 EDA 2018, filed September 24, 2018), 2018 WL 4560431,[3] instructive, noting "the Superior Court found that a trial court had the authority to remove an individual as constable once his physical residence changed from inside his constabulary district to outside of the district after an eviction." (Rule 1925(a) Order at 2.)[4] The trial court found "[t]he facts in this case square neatly with existing precedent, where [Appellant] simply does not reside in [the] Borough." (*Id.*) The trial court found Appellant's arguments that he never changed his address "tenuous" because "unrefuted evidence from the Commonwealth (including [Appellant]'s own answers to interrogatories and requests for admissions) indicates that the only occupant of the marital residence is his estranged wife, and that he lives seven days a week in a residence in Larimer[.]" (*Id.*) The trial court also addressed Appellant's

---

the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.

Pa.R.A.P. 741(a).

Because no party, let alone the Commonwealth as Appellee, objected to our jurisdiction, and because this Court has experience addressing domicile in other contexts, including whether a candidate is a resident for purposes of appearing on a ballot as a candidate for elected office, we conclude we have appellate jurisdiction and will address the merits of the appeal.

[3] Rule 126(b) of the Pennsylvania Rules of Appellate Procedure provides that non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. This is consistent with the Superior Court's Internal Operating Procedures. *See* 210 Pa. Code § 65.37(B) ("Non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value, pursuant to Pa.R.A.P. 126(b). An unpublished memorandum decision filed prior to May 2, 2019, shall not be relied upon or cited by a Court or a party in any other action or proceeding," subject to certain exceptions.) The Superior Court's decision in *Truss* predates this cutoff.

[4] The trial court's Rule 1925(a) Order appears in the Reproduced Record at pages 4 through 6.

"speculative reference in his response to the motion for summary judgment" about plans to move to a newly purchased residence in the Borough. (*Id.*) The trial court stated Appellant "did not provide any evidence to indicate that he actually resides there." (*Id.*) Because Appellant did not adduce any evidence to support that he resides in the Borough, the trial court concluded it properly granted summary judgment in favor of the Commonwealth. (*Id.* at 3.)

## II. PARTIES' ARGUMENTS

Appellant argues the trial court erred and/or abused its discretion when it granted summary judgment in favor of the Commonwealth. Appellant asserts he intended to return to the marital home and only vacated it due to a court order providing his estranged wife exclusive possession thereof. Appellant admits he resided with his mother on a temporary basis outside the Borough but never changed his address, including on his driver's license, voter registration, and tax documents, until he purchased a new home in the Borough in September 2022. It was only then, according to Appellant, that he changed his residency, which still remained in the Borough.

Citing Pennsylvania Department of Revenue regulations, Appellant argues the domicile of a person who maintains more than one permanent abode is determined by examining two factors: "1. Which is the one place where the individual has the greatest connection for the taxable year?" and "2. Which place does the individual intend to be his/her domicile?" (Appellant's Brief (Br.) at 8.) When these factors are considered, Appellant argues it is clear they weigh in favor of finding the marital residence was Appellant's domicile, at least until the recent purchase of a new house.

6

Appellant asserts the trial court abused its discretion in concluding "Appellant could on[l]y reside in one location." (*Id.* at 9.) Appellant further asserts there were no proceedings, and the record consists merely of oral argument and pleadings. According to Appellant, the order "to evict Appellant from the marital residence[] does not, in and of itself, create a change of residence, as Appellant intended to return to the marital residence and said marital residence was the subject of a pending equitable distribution action within the divorce action[.]" (*Id.*) Accordingly, Appellant asks that the Court reverse the trial court's Order.

The Commonwealth responds that Appellant did not produce any evidence that he resided within the Borough and, thus, the grant of summary judgment in its favor was proper. Citing election law precedent, the Commonwealth asserts residence is determined by six factors, which weigh in favor of finding Appellant is not domiciled in the Borough. Here, the Commonwealth argues Appellant moved out of the marital residence in November 2018 pursuant to the exclusive possession order. It also points to a statement Appellant gave to police in August 2019 listing his address outside the Borough and an affidavit from Appellant's estranged wife. The Commonwealth claims that during discovery, Appellant produced no evidence that proves he resides in the Borough. The Commonwealth contends the above factors weigh in favor of finding Appellant does not reside at the marital home. It asks the Court to affirm the trial court's Order.

## III. DISCUSSION

Our review of a trial court order granting "summary judgment is limited to determining whether the trial court committed an error of law or abused its

discretion." *Laich v. Bracey*, 776 A.2d 1022, 1024 n.3 (Pa. Cmwlth. 2001). Further, as our Court has summarized,

> the standard for summary judgment is well established. Summary judgment is properly granted "whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report. . . ." Pa. R.Civ.P. [] 1035.2(1). Summary judgment may be granted only in those cases where the right is clear and free from doubt. . . . The moving party has the burden of proving that there is no genuine issue of material fact. [] Furthermore, the record and any inferences therefrom must be viewed in the light most favorable to the non-moving party, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Id.* at 1024 (some citations omitted, first alteration in the original).

In *In re Rodriguez*, 900 A.2d 341 (Pa. 2003), the Supreme Court examined the residency requirement for constables. Specifically, the Supreme Court considered whether a now-repealed statute governing the appointment of a constable to fill a vacancy abrogated the common law requirement that a constable be a resident of the district served.[5] *Id.* at 341. In that case, the appellant sought appointment to a vacant constable position in the Borough of Fountain Hill but was not a borough resident. The district attorney opposed the appointment on that basis. The appellant responded that since the appointment statute was silent as to residency, "the General Assembly intended that there be no such requirement." *Id.* at 342. The county common pleas court held the common law residency requirement survived the statute, and this Court affirmed. On appeal, the Supreme Court confirmed the existence of the common law rule that an individual must be a resident of the district in which the constable would serve to hold the office. *Id.* at 344-45. It further held

---

[5] Section 1 of the Act of March 20, 1929, P.L. 32, *formerly* 13 P.S. § 11, repealed by Section 4(2) of the Act of October 9, 2009, P.L. 494. The appointment to such vacancies is now controlled by Section 7121 of Chapter 71 of Title 44, 44 Pa.C.S. § 7121.

that under the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501-1991, the General Assembly had to "affirmatively repeal existing law or specifically preempt accepted common law for prior law to be disregarded," which it did not do regarding the residency requirement for constables. *Id.* at 344-45.

Besides *Truss*, an unreported, non-precedential decision of the Superior Court, which the trial court found analogous to the instant matter because the appellant, an elected constable, was removed from his elected post after being evicted from a shared apartment and moved outside of the municipality he served,[6] the parties cite and this Court found no case law applying and/or interpreting the common law residency requirement for constables. Appellant points to Department of Revenue authority, and the Commonwealth cites election law precedent to guide the Court's analysis of whether Appellant fulfilled the residency requirement. As this matter involves the qualifications to remain in an elected office, the Court is more persuaded that the legal authority related to whether someone is a resident and thus qualified to hold office in the first instance is more relevant than residency for purposes of tax law. However, as the Commonwealth acknowledged at oral argument, the factors utilized by the Department of Revenue are encapsulated in the election law cases, and as discussed more fully below, intent is a critical factor under either.

Moreover, while commonly referred to as a residency requirement, it may be more accurate to say that a constable must be domiciled in the district served. As the Supreme Court has stated, "[i]t must be recognized that some confusion has arisen in the lay mind as to what constitutes legal residence because the word **residence** is often used synonymously with **domicile**." *In re Lesker*, 105 A.2d 376, 379 (Pa. 1954) (emphasis in original). "Not only are **residence** and **domicile** employed

---

[6] *See* note 3.

9

synonymously and interchangeably," the Supreme Court further explained, "but often they are used overlapping with one word including, with its meaning, a part of the meaning of the other." *Id.* (emphasis in original). While a person may have more than one residence, the Supreme Court stated a person may have only one permanent legal residence or domicile. *Id.* The Supreme Court continued:

> It seems impossible to restrict the terms habitation, residence and domicile to airtight, waterproof compartments. Their meanings seem bound to escape their lexicographical boundaries and mingle with the others since a person's place of **residence** may be identical with his **domicile**, and **habitation** i[s] always a component part of **residence** and **domicile**. However, in strict technical terminology a **habitation** may be defined as an abode for the moment, **residence** a tarrying place for some specific purpose of business or pleasure, and **domicile** the fixed, permanent, final home to which one always intends to return.

*Id.* at 380 (emphasis in original).

Several decades later, in reviewing whether a candidate satisfied a constitutional residency requirement to run for a seat as state representative,[7] our Supreme Court confirmed this understanding of domicile, explaining:

> A domicile is the place at which an individual has fixed his family home and principal establishment for an indefinite period of time. *Dorrance's Est*[.], . . . 163 A. 303 ([Pa.] 1932). A domicile once acquired is presumed to continue until it is shown to have been changed and where a change is alleged, the burden of proving it rests upon whoever makes the allegation. *Id.* A new domicile can be acquired only by physical presence at a new residence plus intent to make that new residence the principal home. *Id.* Intent is the actual state of facts, not what one declares them to be. An established domicile, however,

---

[7] Article II, section 5 of the Pennsylvania Constitution provides, in relevant part, that state representatives "shall have been citizens and inhabitants of the State four years, and inhabitants of their respective districts one year next before their election (unless absent on the public business of the United States or of this State), and shall reside in their respective districts during their terms of service." PA. CONST. art. II, § 5.

10

can be retained without physical presence or residence until it be proven that a new domicile has been acquired.

*In re Prendergast*, 673 A.2d 324, 327-28 (Pa. 1996).

This Court has on numerous occasions examined one's domicile for purposes of an election. From those cases, we have discerned the following factors to consider:

> (1) the candidate's presence or absence at the address, *In re Nomination Petition of Hacker*, 728 A.2d 1033, 1033 (Pa. Cmwlth. 1999); (2) where members of the candidate's household reside, *In re Nomination Petitions of McIntyre*, 778 A.2d 746, 753 (Pa. Cmwlth. 2001) ([] single judge opinion); *Hacker*, 728 A.2d at 1033; (3) whether the candidate pays rent on or has a lease for the property he claims as his residence, *McIntyre*, 778 A.2d at 752; (4) where the candidate sleeps, *id.*; (5) what belongings and personal effects the candidate keeps at the address, *id.*; and (6) whether the candidate owns another home to which he appears more permanently attached, *id.*; *Hacker*, 728 A.2d at 1033.

*In re Shimkus*, 946 A.2d 139, 149 (Pa. Cmwlth. 2008) (single judge op.).[8] Finally, a determination of an individual's legal residence or domicile is a legal question "totally dependent upon the facts as found by the . . . fact-finder." *Homan v. Civ. Serv. Comm'n, City of Phila.*, 368 A.2d 883, 884 (Pa. Cmwlth. 1977).

Unlike the election cases which often focused on whether a candidate was domiciled at a **particular** address identified, for instance, in their candidate's affidavit, *see, e.g.*, *In re Stack*, 184 A.3d 591 (Pa. Cmwlth. 2018) (single judge op.), here, the inquiry is broader. Appellant is qualified to remain in office as constable so long as he is domiciled **anywhere in the Borough**. Thus, provided Appellant is

---

[8] Single-judge opinions in election matters issued before October 1, 2013, even if reported, may be cited only for their persuasive value. Pa.R.A.P. 126(c); 210 Pa. Code § 69.414(b), (d).

domiciled somewhere in the Borough, it is immaterial whether he is still domiciled at the marital residence specifically.

Here, the trial court granted summary judgment in favor of the Commonwealth, concluding, based on a dictionary definition of "residence," that Appellant resided outside the Borough. (Order at 2-3.) The trial court further found there were no genuine issues of material fact as to where Appellant resided. (*Id.* at 3.) However, it is not clear whether the trial court's "residence" standard is the same as what it means to be domiciled for purposes of being qualified for office. Even assuming the trial court utilized the correct legal standard for determining domicile, there were genuine issues of material fact, which were evident upon the face of the exhibits appended to the Commonwealth's own Motion, that precluded summary judgment in its favor. For example, the trial court found that the "unrefuted evidence from the Commonwealth (including [Appellant]'s own answers to interrogatories and requests for admissions) indicates that the only occupant of the marital residence is his estranged wife, and that **he lives seven days a week in a residence in Larimer**[.]" (Rule 1925(a) Order at 2 (emphasis added).) However, a closer review of the discovery responses shows Appellant denies sleeping at the Larimer address more than three times per week (Request for Admission (RFA) ¶¶ 4-6 and Answer thereto, R.R. at 59-60, 74), denies eating breakfast, lunch, or dinner at the Larimer address, (RFA ¶¶ 7-9, R.R. at 60, 74), and denies having personal possessions, such as clothing, at the Larimer address, (RFA ¶ 10, R.R. at 60, 74). In fact, Appellant claims his clothing and other personal items are stored at the marital residence. (Interrogatory ¶ 14 and Answer thereto, R.R. at 83, 88.) Moreover, Appellant's

vehicle appears to still be registered at the marital residence. (Ex. D, R.R. at 67.)[9] For purposes of summary judgment, these facts, and the reasonable inferences therefrom, must be viewed in a light most favorable to Appellant as the non-moving party, and any doubts must be resolved against the Commonwealth as the moving party. *Laich*, 776 A.2d at 1024. Therefore, given the existence of these genuine issues of material fact, summary judgment was not appropriate.[10]

The Commonwealth seems to suggest that because Appellant was served at the Larimer address, this shows he resides there. The Supreme Court, though, rejected this argument in *Lesker*. 105 A.2d at 380. All this demonstrates is that at the time of service, Appellant was there. Likewise, a Google Street View of the Larimer address showing Appellant's vehicle at some unknown time in October 2021, (R.R. at 68-69), does not establish Appellant was domiciled there, particularly when the vehicle is registered to the Borough address, (*id.* at 67).

This is not to say that this evidence is entirely irrelevant to a determination of where Appellant is domiciled. Rather, we simply conclude that, at this procedural posture, given the summary judgment standard, there are disputed facts that are relevant to the determination of domicile that prevented the trial court from granting

---

[9] Although the Commonwealth introduced two Google Street View photographs showing Appellant's vehicle parked outside the Larimer address at some point in October 2021, (*see* Exs. E-F, R.R. at 68-69), such photographs do not establish domicile. They merely establish at the time those photographs were taken, Appellant's vehicle was parked there. The same is true of Appellant's Facebook profile listing his "hometown" as Larimer. (*See* Ex. I, R.R. at 72.)

[10] In his brief and at oral argument, Appellant also referenced other "evidence" he claimed demonstrated his intent to remain domiciled in the Borough, including not changing the address of his driver's license, voter registration, and insurance. As such items do not appear to be in the record, they are not properly before this Court and cannot be considered. *Brown v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 322, 331 n.13 (Pa. Cmwlth. 2022). Notwithstanding, as discussed, the record evidence has established genuine issues of material facts that warrants reversal of the grant of summary judgment and remand for further proceedings. Upon remand, Appellant may seek to introduce this other evidence in support of his case.

summary judgment in the Commonwealth's favor.  Accordingly, we reverse the trial court's Order and remand for further proceedings.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of PA, ex rel.   :
Nicole W. Ziccarelli, District   :
Attorney          :
             :
     v.      :  No. 569 C.D. 2023
             :
Walter Geiger,       :
     Appellant  :

# **O R D E R**

**NOW**, September 3, 2024, the Order of the Court of Common Pleas of Westmoreland County, entered in the above-captioned matter, is **REVERSED**, and this matter is **REMANDED** for further proceedings.

Jurisdiction relinquished.

_____

**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of PA, ex rel. | : | |
| Nicole W. Ziccarelli, District | : | |
| Attorney | : | |
| | : | No. 569 C.D. 2023 |
| v. | : | |
| | : | Argued: May 23, 2024 |
| Walter Geiger, | : | |
| Appellant | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge (P.)
HONORABLE LORI A. DUMAS, Judge

## *OPINION NOT REPORTED*

**DISSENTING OPINION**
**BY JUDGE DUMAS**                                                    **FILED**: September 3, 2024

Respectfully, I dissent for two reasons. First, the majority has proposed a multifactor inquiry to ascertain whether an elected constable meets the common law requirement that he or she is domiciled in the district that person wishes to serve. While there is some merit to this framework, I am concerned it is unsuitable to a removal action initiated by the Commonwealth. Second, even accepting this framework and mindful of our standard of review, the evidence of record demonstrates that Appellant is no longer domiciled in the Borough.

Conceptually, I would favor a shifting evidentiary burden in a removal action such as this. Initially, the burden must rest with the Commonwealth to demonstrate that an elected constable is no longer domiciled in the district. "A domicile is the place at which an individual has fixed his family home and principal

establishment for an indefinite period of time." *In re Prendergast*, 673 A.2d 324, 327 (Pa. 1996). In this case, it is fair to say that Appellant fixed his family home in the Borough at the marital residence. It is further reasonable to infer that Appellant intended to remain there for an indefinite period of time.

The majority has noted that a person's current residence may differ from his or her domicile, and I find no reason to disagree generally, but in this case, Appellant's domicile and residence were one and the same. "A domicile once acquired is presumed to continue until it is shown to have been changed and where a change is alleged, the burden of proving it rests upon whoever makes the allegation." *Id.* at 327-28. Here, the Commonwealth met its initial burden with evidence demonstrating that Appellant had vacated the marital residence. In May 2019, the lower court ordered this and granted exclusive possession to Appellant's estranged wife. *See* Mot. for Summ. J., 1/9/23, Ex. C (Ct. Order, 5/20/19). This is hard proof, not subject to any vagaries inherent to our standard of review. Additionally, the Commonwealth presented evidence that Appellant had relocated his residence to Larimer, a neighboring community outside the Borough. *See id.*, Ex. D (Appellant's Police Statement, 8/25/19).

As for those additional factors proposed by the majority that further inform our inquiry, I believe a more flexible approach is appropriate. The Commonwealth should not bear this burden exclusively. For example, following proof that Appellant has vacated his former residence (a residence that coincided with his claimed domicile), and additional evidence tending to show that Appellant presently resides outside the Borough, Appellant must incur an evidentiary burden to prove where he sleeps, where he stores his belongings and personal effects, and where any additional members of his household may reside. *See In re Shimkus*, 946

A.2d 139, 149 (Pa. Cmwlth. 2008) (single judge op.).  Frankly, it is unfair to impose upon the Commonwealth a burden to demonstrate these factors.  The Commonwealth should prove that an elected constable no longer resides where he claims to reside.  However, upon leaving his marital residence, Appellant could choose to relocate *anywhere*; therefore, the burden should shift to him to demonstrate that he chose to relocate *somewhere in the Borough*, thus maintaining his domicile therein.[1,2]

Nonetheless, the evidence in this case leaves no genuine question that requires a fact finder.  As our Supreme Court has noted, "[i]ntent is the actual state of facts, not what one declares them to be."  *Prendergast*, 673 A.2d at 328.  Appellant's absence from the Borough has persisted for years.  There is no evidence suggesting Appellant harbors any intention to return.  While there may be some question where Appellant sleeps, clearly, he does not sleep at the marital residence.  Further, while I acknowledge that Appellant claims to store his clothing and personal hygiene products there, this is hardly evidence that he maintains a domicile there or anywhere else in the Borough.  To the contrary, despite our standard of review, I would venture to say that a reviewing court need not credit this bald claim.  It is simply inconceivable that Appellant would store his personal effects at a residence from which he was excluded many years ago.

---

[1] Further, it is well settled that "[a] non-moving party may not rest on its pleadings; rather, it has an obligation to adduce sufficient evidence on the matters on which it bears the burden of proof." *Romutis v. Borough of Ellwood City*, 246 A.3d 361, 366 (Pa. Cmwlth. 2021) (citing *Ertel v. Patriot-News Co.*, 674 A.2d 1038, 1042 (Pa.), *cert. denied*, 519 U.S. 1008 (1996)).  Thus, a shifting evidentiary burden would also more clearly prohibit Appellant from defending this removal action with mere denials of the Commonwealth's evidence. *See generally, e.g.*, Mot. for Summ. J., Exs. F (Request for Admissions and Answer), G (Interrogatories and Answers).

[2] Implicitly, there is a temporal element to these several factors, regardless of who bears the burden of proof.  Thus, Appellant's protracted absence from the Borough should inform a fact finder's analysis.

For these reasons, I would affirm the trial court. Alternatively, with certain modifications to the majority's analytical framework, as outlined above, I would vacate the trial court's order granting summary judgment and remand with instructions for that court to consider this new framework on the current record.

                    **LORI A. DUMAS, Judge**